In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00400-CV**
_____

**IN RE COMMITMENT OF ROYAL LEE SMITH**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-03-03232 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Royal Lee Smith as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Smith is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Smith complains of improper jury argument by the State and admission of basis testimony from the State's expert witness. We affirm the trial court's judgment.

1

Jury Argument

In issue one, Smith contends that the State engaged in improper jury argument. To obtain a reversal based upon improper jury argument, an appellant must show an error that (1) was not invited or provoked, (2) was preserved by the proper trial predicate, (3) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the trial court, and (4) by its nature, degree, and extent constituted reversibly harmful error. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979). "[T]he complainant must show that the probability that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence." *Id*. at 840.

> During closing argument, the following exchange occurred:
>
> State: He has never had sex offender treatment. Today, after this whole history, he tells you, "I don't need it."
>
> Defense Counsel: Objection, Your Honor. These statements about sex offender treatment go to the legal effect of the jury's answer.
>
> Trial Court: Okay. You are to rely on what was proved and not proved during the trial. I'm not telling you what was proved and not proved. You are to rely on your own independent recollection and the importan[ce] to give it. You may continue now.
>
> State: Today, he has said he does not need sex offender treatment. It can maybe help him. Maybe help him treat women better. But he doesn't need it? He's -- of all the people I know, he needs sex offender treatment. He needs substance abuse treatment.

2

Defense Counsel: Objection, improper argument.

Trial Court: Overruled.

On appeal, Smith maintains that the State's argument "could have persuaded a juror to agree to find Mr. Smith a sexually violent predator because the juror thought he needed treatment – not because the juror found beyond a reasonable doubt that Mr. Smith is a sexually violent predator."

Assuming without deciding that the State's arguments were improper, we cannot say that the complained-of argument probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). The jury heard evidence that Smith admitted to being convicted of aggravated sexual assault, burglary of a habitation with intent to commit sexual assault, and forcible rape, committing aggravated sexual assault while on parole, abusing alcohol and various illegal drugs, receiving multiple disciplinaries while in prison, hearing voices and having hallucinations, not participating in sex offender treatment, and believing he does not need sex offender treatment. Dr. Lisa Clayton, a psychiatrist, testified that Smith has a behavioral abnormality that makes him likely to commit future acts of sexual violence. Clayton diagnosed Smith with sexual sadism disorder, antisocial personality disorder, bipolar disorder, substance use disorder, and borderline intellectual function. She testified that Smith suffers from sexual deviancy, used

3

violence during the commission of his sexual offenses, committed a sexual offense while on parole, committed offenses against strangers, has multiple victims, minimized his sexual deviancy, and has had no sex offender treatment or substance abuse treatment. Clayton opined that Smith is at a high risk to reoffend.

The record contains sufficient evidence by which the jury could reasonably conclude that Smith is a sexually violent predator. *See In re Commitment of Fierro*, No. 09-12-00296-CV, 2013 Tex. App. LEXIS 2280, at *13 (Tex. App.—Beaumont Mar. 7, 2013, no pet.) (mem. op.) (Finding that the "evidence was such that the probability that the State's argument caused harm is not greater than the probability that the verdict was based on the proper proceedings and evidence."); *see also Reese*, 584 S.W.2d at 839. Thus, we cannot say that the State's argument was so extreme that a "'juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument.'" *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (quoting *Goforth v. Alvey*, 153 Tex. 449, 271 S.W.2d 404, 404 (1954)). Moreover, the trial court told the jurors to rely on their own independent recollection of the evidence and the importance to give that evidence. "Harmful error is rare when trial courts make an effort to cure improper jury argument." *In re Commitment of Alexander*, No. 09-11-00650-CV, 2013 Tex. App. LEXIS 12077,

4

at *18 (Tex. App.—Beaumont Sept. 23, 2013, pet. denied) (mem. op.). Under these circumstances, Smith suffered no harmful error as a result of the State's argument. We overrule issue one.

Basis Testimony

In issue two, Smith challenges the admission of testimony from Dr. Clayton regarding the details of Smith's offenses that Clayton learned during her review of records. "We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). We will not reverse unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

During direct examination, Smith's counsel objected on hearsay grounds when the State attempted to question Clayton about Smith's first sexual offense. The trial court overruled the objection, granted counsel's request for a running objection, and gave the jury an instruction limiting its consideration of the evidence for the purpose of showing the basis of Clayton's opinion. Clayton proceeded to testify to the details of Smith's offenses.

5

An "expert may testify in terms of opinion or inference and give the expert's reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise." Tex. R. Evid. 705(a). "The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data." *Id*.

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d).

Clayton testified that she reviewed numerous records and relied on the facts and data contained in those records when formulating her opinion. The trial court could reasonably conclude that the facts and details related to Smith's underlying offenses would be helpful to the jury to explain how Clayton formed her opinion that Smith suffers from a behavioral abnormality. *In re Commitment of Cardenas*, No. 09-13-00484-CV, 2014 Tex. App. LEXIS 6441, at *12 (Tex. App.—Beaumont June 12, 2014, no pet.) (mem. op.). When the trial court gave the jury a limiting instruction, Smith neither objected to the instruction nor requested a different

6

instruction. *See id*. at \*11. Nor did Smith object to the trial court's limiting instruction contained in the jury charge, which stated as follows:

> Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. Certain hearsay information contained in records reviewed by the experts was admitted before you through expert testimony. Such hearsay was admitted only for the purpose of showing the basis of the experts' opinion and cannot be considered as evidence to prove the truth of the matter asserted.

We presume the jury followed the trial court's limiting instruction. *See id*. Moreover, as previously discussed, the jury had before it sufficient evidence from which it could find that Smith is a sexually violent predator. The admission of Clayton's testimony was not an abuse of discretion and did not cause the rendition of an improper judgment. *See id.* at \*12; *see also* Tex. R. App. P. 44.1(a)(1). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 9, 2015
Opinion Delivered April 23, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

7